IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| SIDNEY M. VALLIE, | § | |
|    Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-215 |
| | § | |
| WARDEN DAVID FORREST, MR. A. | § | |
| REYES, CAPTAIN L. D. MONTGOMERY, | § | |
| MARY A. HERNANDEZ, | § | |
|    Defendant-Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Sidney M. Vallie ("Vallie"), a state prisoner at the Willacy State Jail, has filed an application to proceed in forma pauperis to pursue his 42 U.S.C. § 1983 case against the warden of the jail and several jail employees. For the reasons set forth below, it is recommended that this case be dismissed.

### BACKGROUND

In his § 1983 complaint, Vallie alleges that a female prison guard, Mary A. Hernandez ("Hernandez"), made a false claim accusing him of making a suggestive remark to her. This resulted in disciplinary proceedings against Vallie. Apparently, Vallie contested the charges at every step of the disciplinary process. However, Vallie was found guilty and punished. He lost good time credits, was given fifteen days in soliatry and had his time earning status reduced.

### RELIEF SOUGHT

A liberal reading of Vallie's pro se complaint reveals that he does not complain about the process. The gravamen of his complaint is that Hernandez lied and that his protestations of innocence were not believed. In other words this is a "he said she said" case and the fact finders

believed her. Vallie seeks reversal of the prison disciplinary action. He does not seek monetary relief.

## RECOMMENDATION

A prisoner cannot use 42 U.S.C. § 1983 to challenge loss of good time credit. *Preiser v. Rodriguez*, 411 U.S. 475, 487; 93 S.Ct. 1827, 1835 (1973). Vallie has not pleaded a case which would involve deprivation of any constitutionally protected right. The proper vehicle for Vallie is a petition pursuant to 28 U.S.C. § 2254. In order to do this, Vallie must show that he has exhauted his state remedies. 28 U.S.C. § 2254(b)(1)(A). He has not made this showing. His case should be dismissed.

IT IS THEREFORE **RECOMMENDED** that this case be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of January, 2002.

John Wm. Black
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# - BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| SIDNEY M. VALLIE,<br>    Plaintiff-Petitioner,<br><br>VS.<br><br>WARDEN DAVID FORREST, MR. A.<br>REYES, CAPTAIN L. D. MONTGOMERY,<br>MARY A. HERNANDEZ,<br>    Defendant-Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-01-215 |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING PETITION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of January 15, 2002 should be adopted and this case be dismissed.

DONE in Brownsville, Texas, on this _____ day of _____ 2002.

_____
Filemon B. Vela
United States District Judge